THE CHICAGO UNION TRACTION COMPANY *et al.*

*v.*

LEO LOWENROSEN.

*Opinion filed October 23, 1906.*

1. TRIAL—*court's opinion as to weight of evidence is not the test for directing a verdict.* If there is evidence fairly tending to prove the plaintiff's case, its weight and sufficiency are questions to be determined by the jury, even though the court may be of the opinion the weight of evidence is on the side of the defendant.

2. INSTRUCTIONS—*instruction construed as to use of words "as alleged in plaintiff's declaration."* In an instruction defining the duty of a carrier to its passenger, and stating that if the jury believe the defendant "failed to use such care and diligence, and that by reason thereof the plaintiff was injured, as alleged in the plaintiff's declaration," etc., the words "as alleged in the plaintiff's declaration" refer to the use of diligence by the defendant as well as to the injury to the plaintiff.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellants.

I. B. LIPSON, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court in favor of appellee for $5000 damages for personal injuries.

The appellant the Chicago Union Traction Company was operating a double track street car line on West Madison street, in the city of Chicago, as lessee of the West Chicago Street Railway Company. Appellee and a married daughter, with her baby less than a year old, came to Madison street and Hamlin avenue and took a position at the

south-east corner of those two streets, which was the proper
place for persons desiring to board east-bound cars. Soon
thereafter a train, consisting of a grip and two or three
trailers, came along, east-bound. When the train stopped
to discharge and take on passengers appellee's daughter got
aboard, and appellee, with the babe in his left arm, stepped
on the running-board of one of the cars and handed his
daughter the child. About that time the train started for-
ward and appellee was thrown to the ground and injured.

The declaration contains four counts. The first and
third charge that appellee was a passenger on appellant's
car; the second and fourth, that he was in the act of board-
ing the car for the purpose of becoming a passenger thereon.
The first count charges appellants with negligence, generally,
in managing and controlling the car; the second, with neg-
ligently and wrongfully causing the car to start and violently
lurch forward while plaintiff was in the act of boarding it;
the third and fourth, with negligently and wrongfully caus-
ing the car to start forward while plaintiff was stepping
into and boarding it.

It is first contended the court erred in not directing a
verdict for appellants. It is claimed there was no evidence
tending to prove that appellee was either a passenger on the
car or that he was in the act of boarding it for the purpose
of becoming a passenger, but it is asserted the evidence
shows clearly and conclusively that he was not a passenger
nor intending to become such, and only went to the car for
the purpose of helping his daughter and her child aboard.
It is true, certain portions of the testimony of appellee, to
which our attention is particularly called by the appellants,
seems contradictory, and standing alone would leave the
matter in serious doubt, to say the least. But when all the
evidence is considered it tends to show he stepped on the car
for the purpose of entering it as a passenger. Whatever of
apparent contradictions there may be in appellee's testimony
is reasonably attributable to his inability to speak the Eng-

.lish language clearly and perfectly. The rule is not, as contended by counsel for appellants, that it is the duty of the trial court to direct a verdict for a defendant, where, if one were rendered against it by the jury, the court would set the verdict aside. Where there is evidence fairly tending to prove the plaintiff's case, its weight and sufficiency are questions to be determined by the jury, even though the court may be of opinion the weight of the evidence is on the side of the defendant. *Chicago City Railway Co.* v. *Martensen,* 198 Ill. 511; *Mills* v. *Larrance,* 217 id. 446; *Chicago City Railway Co.* v. *Lannon,* 212 id. 477.

The only other grounds urged as cause for reversal are the giving of the first and second instructions for appellee. The first instruction is as follows:

"If you believe, from the evidence, that the plaintiff got on the car in question for the purpose of riding on the said car, and was ready, willing and able to pay his fare, then it was the duty of the defendant Chicago Union Traction Company to do all that human care, vigilance and foresight could reasonably do, consistently with the character and mode of conveyance adopted and the practical prosecution of their business, to prevent an accident to the plaintiff while he was riding upon the said car or going upon the same; and if you further believe, from the evidence, that the defendant Chicago Union Traction Company failed to use such care and diligence, and that by reason thereof the plaintiff was injured, as alleged in the plaintiff's declaration, while the plaintiff was in the exercise of reasonable care for his own safety, then you should find the defendant Chicago Union Traction Company guilty."

The objection made to this instruction is, that plaintiff's right to recover is not limited to proof of the negligence charged in the declaration. It is argued that the words, "as alleged in the plaintiff's declaration," in the latter part of the instruction, refer to the character of the injuries received by appellee, and not to the negligence charged in the decla-

ration.   The Appellate Court said on this question: "The phrase, 'as alleged in the plaintiff's declaration,' relates back to the use of diligence by the defendant as well as to the injury to the plaintiff.   Any other interpretation is too technical for practical use."   We concur in that view, and it is sustained by *Elgin, Aurora and Southern Traction Co.* v. *Wilson,* 217 Ill. 47.   It was well said in *Funk* v. *Babbitt,* 156 Ill. 408: "The test, then, is, not what the ingenuity of counsel can, at leisure, work out the instructions to mean, but how and in what sense, under the evidence before them and the circumstances of the trial, would ordinary men and jurors understand the instructions."   The objections made to the second instruction are of a similar technical character.

It is argued that the jury might have understood from the instructions they were authorized to find the defendants guilty if they believed the cable machinery was defective or out of repair.   There was no evidence introduced to prove any negligence except that charged in the declaration, and appellants do not claim there was.   The court instructed the jury, at appellants' request, that in order to entitle plaintiff to recover he must prove, by a preponderance of the evidence, that he was a passenger on the car or was in the act of boarding it for the purpose of becoming a passenger; that he must also prove, by a preponderance of the evidence, that he was in the exercise of ordinary care for his own safety at the time, and that if the injury resulted from an accident, and not from the negligence of defendants charged in the declaration, the verdict should be not guilty.   We are unable to see how the jury could possibly have been misled or how they could have misunderstood the instructions given for appellee.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*