(No. 18006.—Judgment affirmed.)
ADELA REIVITZ, Appellee, *vs.* THE CHICAGO RAPID TRANSIT COMPANY, Appellant.

*Opinion filed October 22, 1927.*

1. NEGLIGENCE—*plaintiff need not prove all allegations of declaration.* In an action *ex delicto,* if the plaintiff, by proving the material allegations, makes out a cause of action, he is entitled to recover even though there be other averments which are not proved.

2. SAME—*what is sufficient instruction as to preponderance of evidence.* In an action for personal injury it is sufficient to instruct the jury that the preponderance of evidence which the plaintiff must establish to maintain the action means that the plaintiff must establish the essential facts by the greater weight of the evidence and does not require proof of any fact beyond a reasonable doubt, and any further attempt to explain the rule which should govern the jury in weighing the evidence is confusing.

3. SAME—*an instruction should not quote pleading at length—reversal.* The incorporation into an instruction of the declaration with all its charges, some of which, after the proof is in, may be disregarded, tends to confuse the jury, especially where the language of common law pleading is used; but the error in giving such an instruction will not require reversal where the jury are clearly instructed, at the request of the defendant, what the plaintiff must prove to warrant a recovery.

4. SAME—*what is the test of a proper instruction.* The office of instructions is to give information to the jury concerning the law of the case for immediate application to the subject matter before them, and the test of a proper instruction is not what mean-

ing the ingenuity of counsel may attribute to the instruction, but how and in what sense it will be understood by ordinary men acting as jurors, under the evidence before them and the circumstances of the trial.

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding.

GARDNER, FOOTE, BURNS & MORROW, (WALTER M. FOWLER, and JAMES K. MILLER, of counsel,) for appellant.

RYAN & ROSENTHAL, (JOSEPH D. RYAN, PHILIP ROSENTHAL, and STUART B. KROHN, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellee, Adela Reivitz, brought her action on the case for damages resulting from personal injury alleged to have been caused by the negligence of the Chicago Rapid Transit Company, appellant, in the maintenance of a stairway at its Thorndale station. There was a trial by jury and a verdict in favor of appellee for $1500. The Appellate Court for the First District affirmed the judgment entered on this verdict and granted a certificate of importance and an appeal to this court.

The declaration consists of two counts. The negligence charged in both counts is that appellant permitted a nail to be and remain in one of the upper steps of the stairway leading from its station to the sidewalk below. After alleging the duty of appellant to keep its station and the stairway leading therefrom in a safe condition for use by its passengers and that it knew or should have known of the unsafe condition of the stairway on the night in question, it is alleged that appellee, while in the exercise of due care and caution, struck her shoe against a nail which pro-

truded above the surface of the step and fell down a number of steps and was injured.

The first point made by appellant is that appellee has failed to prove the negligence charged in the declaration. There are allegations in the declaration which have not been proven, but it is not necessary in actions *ex delicto* to prove all the allegations of the declaration. If plaintiff makes out a cause of action by proving the material allegations he is entitled to recover even though there be other averments of the declaration which are not proved. (*Postal Telegraph-Cable Co.* v. *Likes,* 225 Ill. 249; *Dunham* v. *Black Diamond Coal Co.* 239 id. 457.) The son of appellee, who was with her at the time she fell, testified that he returned to the stairway a few hours after the accident and found the point end of a 20-penny nail protruding about three-quarters of an inch out of the second step from the top of the stairway. He kicked the nail a number of times and finally broke it off. He kept it and produced it at the trial. The board in this step was an old one and there were other nail holes in it. There is evidence from which the jury might reasonably conclude that the board used in this step was one that had been used before and which had been turned over when the stairway was repaired, the nail being hammered down. The daughter-in-law of appellee, who was walking behind her at the time she fell, testified that she saw the nail protruding from the step from which appellee fell. Appellee testified that she was walking down the stairway as usual, and that when she stepped onto the second step her shoe caught on something hard and she fell forward, down the stairway. Appellant defended on the ground that there was no nail in the step, and that appellee did not fall because of any defect in the stairway but that she became ill and fell. There is much evidence which corroborates this view of the case but we are not permitted to weigh the evidence. All questions of fact have been concluded by the verdict of the jury and the judgment of the

327—14

Appellate Court.  Considering only that evidence which tends to support the material allegations of the declaration, the court properly denied the motion to direct a verdict.

The court instructed the jury on behalf of appellee that "while, as a matter of law, the burden of proof is upon the plaintiff and it is for her to prove her case by a preponderance of the evidence, still, if the jury find the evidence in the case, when considered all together, preponderates in her favor, although but slightly, it would be sufficient for the jury to find the issues in her favor and to render a verdict finding the defendant guilty." This instruction is argumentative and should not have been given.  Appellant is not, however, in a position to complain, because the court at its request gave the following instruction:

"When you are told by these instructions that plaintiff can recover if the evidence preponderates in her favor, although but slightly, you are instructed the court does not mean thereby that the plaintiff is necessarily entitled to recover upon slight evidence merely.  Before plaintiff can recover she must prove her case by a preponderance of all the evidence in accordance with the law as laid down in these instructions."

This form of instruction is the natural product of our system of advising the jury of the law applicable to the case by instructions formulated not by the judge but by the advocate, who endeavors to state the law as strongly as possible in behalf of his client.  Both instructions should have been refused.  The court told the jury in another instruction that "the degree of proof required of the plaintiff in this case is that she prove her case by a preponderance of the evidence.  This means that upon the questions of fact which the plaintiff is required to prove she must have a greater weight or preponderance of evidence.  But this rule does not require the plaintiff to prove any fact beyond a reasonable doubt. · A fact is sufficiently proved if the jury find that the greater weight of the evidence is in

its favor," and that was sufficient. Further effort to state the rule which was to govern the jury in weighing the evidence was only confusing. *Teter* v. *Spooner,* 305 Ill. 198.

At the request of appellee's counsel the court gave an instruction covering nearly two printed pages of the abstract and consisting of three paragraphs. The first tells the jury that the declaration consists of two counts. The second reads: "It is alleged in the first count that on the day and date in question she became and was a passenger for hire on one of the defendant's trains and that she alighted therefrom at its Thorndale avenue station; that the defendant, at the time and place in question and theretofore, carelessly and negligently suffered and permitted one of the steps of its stairway leading from the station platform to the surface of the street to be and remain in a dangerous and unsafe condition and, then and there, carelessly and negligently suffered and permitted a nail or spike used in the construction of said stairway to project or protrude above the surface of the said step and the defendant, then and there, carelessly and negligently failed and neglected to keep the said steps sufficiently or reasonably lighted so as to enable the plaintiff to see or ascertain the said spike or nail, all of which facts the defendant knew or could have known had it exercised ordinary and reasonable care in the premises; that while the plaintiff was descending the said stairway, as aforesaid, in the night time, on the occasion in question and while in the exercise of ordinary care for her own safety, she was, by reason of the negligence of the defendant, as aforesaid, caused to and did strike the heel or some other part of one of her shoes against the said nail or spike which protruded above the surface of the step and she was, then and there, by reason of the negligence of the defendant, as aforesaid, caused to fall upon the steps of said stairway, thereby causing the accident and injury complained of." The third paragraph recites in a similar manner the allegations of the second count of the declaration.

It is important that the issues be explained to the jury, but they should be stated clearly and concisely and all charges that are to be disregarded should be eliminated. (*Dickson* v. *Swift Co.* 238 Ill. 62.) The mere fact that allegations of the declaration are copied into an instruction does not render it objectionable, (*Liska* v. *Chicago Railways Co.* 318 Ill. 570; *Krieger* v. *Aurora, Elgin and Chicago Railroad Co.* 242 id. 544; *Central Railway Co.* v. *Bannister*, 195 id. 48;) but the incorporation into an instruction of the declaration with all its charges, some of which, after the proof is in, may be disregarded, tends to confuse the jury. This is especially true when there are a number of counts and thus a number of verbose instructions couched in the language of the pleader. From the reading of several pages of instructions of this type, involving a statement of all the detailed allegations, the jury may get the impression that the court is, in fact, saying what has been proven. Being unaccustomed to the language generally used by common law pleaders, the jury, listening to a long recitation, with an occasional word to the effect that the plaintiff has alleged thus and so, may easily become confused.

Whatever error there is in this verbose recital of the charges in the declaration is cured by the following instruction given at the request of appellant:

"The court instructs you that before plaintiff is entitled to recover in this action and before you will be warranted in returning a verdict in her favor, she must prove by the preponderance of all the evidence the following propositions: 1. That there was a nail or spike in one of the treads on the stairway which plaintiff was descending on the occasion in question and that said nail or spike protruded above the surface of the tread of said stairway; 2. That one of plaintiff's shoes came in contact with such nail or spike, if you believe such nail or spike existed, and that as a direct and proximate result thereof plaintiff fell and was injured; and, 3. That plaintiff could not by the

exercise of ordinary care, in descending said stairs, have avoided bringing or causing her shoe to come in contact with said nail or spike, if you believe the same existed, and that after her shoe had come in contact with said nail or spike, if you believe it did, she could not by the exercise of ordinary care, have avoided falling and being injured. And you are further instructed that if you believe and find that plaintiff has failed to prove by the preponderance of the evidence the foregoing propositions or any one of them, then you are instructed that she cannot recover in this action and your verdict should be not guilty."

In a cautionary instruction the court told the jury: "It is solely and exclusively for the jury to find and determine the facts and this they must do from the evidence, and, having done so, then apply to them the law as stated in these instructions. The instructions given to the jury are and constitute one connected body and series and should be so regarded and treated by the jury." Twenty-one of the twenty-four instructions requested by appellant were read to the jury. There was no proposition of law pertinent to the issues of the case on which the jury were not fully instructed. The office of instructions is to give information to the jury concerning the law of the case for immediate application to the subject matter before them. The test, then, is not what meaning the ingenuity of counsel can at leisure attribute to the instructions, but how and in what sense, under the evidence before them and the circumstances of the trial, ordinary men acting as jurors will understand the instructions. (*Chicago Union Traction Co.* v. *Lowenrosen,* 222 Ill. 506; *Funk* v. *Babbitt,* 156 id. 408.) Considering the instructions as a series, we hold that the record is free from substantial error.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*