**Elmer J. DRECKMAN, Plaintiff-Appellant,**

v.

**Joe Maria FLORES, Defendant-Appellee.**

**No. 14336.**

United States Court of Appeals
Seventh Circuit.

May 6, 1964.

Nat P. Ozmon, Edward J. Kelly, Chicago, Ill., for plaintiff-appellant. Nat P. Ozmon, Chicago, Ill., of counsel.

Robert O. Duffy, Frank J. Pause, John M. Beverly, Chicago, Ill., for defendant-appellee. Beverly & Pause, of counsel.

Before DUFFY, CASTLE and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

The complaint herein alleged negligence by defendant on September 9, 1959, in driving his automobile in the village of Villa Park, Du Page County, Illinois. Defendant filed an answer and counterclaim. The jury found in favor of the defendant and also against the plaintiff on defendant's counterclaim, assessing defendant's damages at $1250. The trial court directed a remittitur of $800, which remittitur was accepted.

Plaintiff was driving an automobile in a southerly direction on Harvard Avenue near the intersection of Elm Street in the village of Villa Park. At the same time, defendant was operating an automobile in an easterly direction on Elm Street near its intersection with Harvard Avenue. The motor vehicles collided in the intersection. There were no stop lights or stop signs at this street crossing.

Appellant's chief complaint on this appeal is that an instruction given by the trial court created an almost absolute right of way to the vehicle approaching and entering an intersection from the right. Furthermore, that the form of

the instruction as given left the jury with the impression that violation of a statutory obligation was negligence *per se* rather than only *prima facie* negligence to be considered along with other facts and circumstances in evidence.

The instruction criticized by appellant was substantially a *verbatim* recitation of Illinois Pattern Jury Instructions Form No. 70.02. The instruction, as given, appears in the footnote.[1]

The Illinois Pattern Jury Instructions were published in 1961. On November 21, 1960, a letter signed by each of the justices of the Illinois Supreme Court was sent to the Chairman of the Committee which had drafted the proposed instructions. The members of the Court strongly commended the instructions as proposed but, of course, the Court could not and did not approve instructions to be given in any particular case. Apparently, the Illinois Supreme Court has not specifically passed on the question raised in the instant case.

The Illinois right of way statute which forms the foundation of the instruction reads as follows:

"The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

"When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." Ch. 95½, Sec. 165(a) and (b). (Ill.Rev.Stat.1959.)

■ Instructions to a jury must be considered as a whole and construed in the light of what an ordinary person would understand them to mean. Chicago Union Traction Co. v. Lowenrosen, 222 Ill. 506, 78 N.E. 813, 814; McKinney v. Illinois Power Company, 26 Ill.App.2d 193, 206, 167 N.E.2d 249, 255.

The Illinois Supreme Court has expressed its view in the following language: " * * * The test, then, is not what meaning the ingenuity of counsel can at leisure attribute to the instructions, but how and in what sense, under the evidence before them and the circumstances of the trial, ordinary men acting as jurors will understand the instructions." Reivitz v. Rapid Transit Co., 327 Ill. 207, 213, 158 N.E. 380, 382.

■ Some of the criticisms leveled by plaintiff's counsel at the instructions given by the trial judge who has also had extensive experience in the state courts of Illinois, are of a hypercritical nature. We have carefully considered all of the arguments of plaintiff's counsel, but we have reached the conclusion that no reversible error was committed by the trial court.

The judgment of the District Court is Affirmed.

---

1. "At the time of the occurrence in question, there was in force in the State of Illinois a statute governing the operation of motor vehicles approaching intersections.

"If two vehicles are approaching an intersection from different highways at such relative distances from the intersection that if each is being driven at a reasonable speed, the vehicle on the right will enter the intersection first or both vehicles will enter the intersection at about the same time, then this statute requires the driver of the vehicle on the left to yield the right of way to the vehicle on the right.

"On the other hand, if two vehicles are approaching the intersection from different highways at such relative distances from the intersection that if each is being driven at a reasonable speed, the vehicle on the left will enter the intersection and pass beyond the line of travel of the vehicle on the right before the vehicle on the right enters the intersection, then this statute requires the driver of the vehicle on the right to yield the right of way to the vehicle on the left.

"The fact that a vehicle has the right of way does not relieve its driver from the duty to exercise ordinary care in approaching, entering and driving through the intersection."