**LESTER POOLE, III, and JANICE DORE, Plaintiffs**

v.

**FORD MOTOR COMPANY, Defendant**

Civil No. 77/160

**FORD MOTOR COMPANY, Third-Party Plaintiff**

v.

**KENNETH BODY, Third-Party Defendant**

Civil No. 77/161

District Court of the Virgin Islands

Div. of St. Croix

March 26, 1980

THOMAS ALKON, ESQ. (ISHERWOOD, ALKON, BARNARD & DIEHM), Christiansted, St. Croix, V.I., *for plaintiffs*

BRITAIN H. BRYANT, ESQ. (BRYANT & LENAHAN), Christiansted, St. Croix, V.I., *for defendant and third-party plaintiff*

WILLIAM C. SLUSSER, ESQ., JOHN A. KENNEY, ESQ. (BAKER & BOTTS), Houston, Texas, *for defendant and third-party plaintiff*

ALBERT A. SHEEN, ESQ. (HODGE & SHEEN), Christiansted, St. Croix, V.I., *for third-party defendant*

YOUNG, *District Judge*

## MEMORANDUM OPINION WITH ATTACHED ORDER

This matter comes before the Court upon the motion of plaintiffs Poole and Dore for a new trial. For the reasons set forth herein the motion will be denied.

## BACKGROUND

This action arose out of an automobile accident. The plaintiffs, Lester Poole, III, and Janice Dore, were passengers in a Ford Maverick. Seven other persons occupied the car with plaintiffs at the time of the accident. The plaintiffs were injured when the Maverick left the roadway and eventually hit a telephone pole. Plaintiffs instituted this action against defendant Ford Motor Company based upon theories of negligence and strict products liability. The action was tried to a jury which rendered a verdict in favor of defendant Ford Motor Company.

## I.

In support of the instant motion plaintiffs assert inter alia that the Court's instructions were erroneous. More particularly, plaintiffs assert that the Court's definition of defect was:

(1) not in accord with the Restatement Second of Torts;

(2) insufficient to provide a workable definition of defect;

(3) insufficient in failing to define defect in terms of the expectation of the user; and

(4) insufficient in that the term "unreasonably dangerous" was not defined in terms of the ordinary expectation of the users.

 The purpose of jury instructions is to adequately inform the jury of the guiding legal principles and to adequately submit the issues to the jury. Ayoub v. Spencer, 550 F.2d 164 (3rd Cir.), cert. denied, 432 U.S 907 (1977); Fabian v. E. W. Bliss Co., 582 F.2d 1257 (10th Cir. 1978). A party has no vested interest in any particular form of instructions; the language of the charge is for the trial court to determine. Shaw v. Lauritzen, 428 F.2d 247 (3rd Cir. 1970). The Court need not use any particular form of words so long as the charge as a whole conveys to the jury a clear and correct understanding of the applicable law. Andry v. Farrell Lines, Inc., 478 F.2d 758 (5th Cir. 1973), and the manner in which the law is to be applied to the facts as the jury finds them. Zeigler v. Seaboard Coast Line R. Co., 437 F.2d 80 (5th Cir. 1952).

The Court's definition of defect, contrary to the assertion of plaintiffs, comports with the Restatement in that the jury was directed to determine whether the product was defective by considering whether it was unreasonably dangerous to the user. The Second Restatement of Torts, Sec. 402A, provides:

> One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer or to his property if . . .

 Clearly there is no discrepancy between the Court's instructions and the conditions of liability as set out in Sec. 402A. The Court further refined its definition of defect by instructing that the danger is unreasonable if the injury occurs while the product is being used in its intended use or in a reasonably foreseeable use.

 Plaintiffs assert that "unreasonably dangerous" should have been, but was not defined in the terms of the ordinary expectation of the use. The assertion ignores the fact that reference to "intended

use" is essentially a consumer expectation test. C. A. Hoover and Son v. O. M. Franklin Serum Company, 444 S.W.2d 596 (Tex. 1969). Thus, it is apparent that the Court's instruction provided a workable definition of defect, incorporating consumer expectation as part of the test for product defectiveness. The instruction provided the jury with sufficient guidance to enable it to apply the law to its factual findings.

## II.

■ Plaintiffs also assert that the Court erred by failing to define "adequate warning" in terms of the methodology of rendering and the contents of the warning. A warning may be inadequate due to either the contents or the manner in which the warning is given. However, plaintiff cites no authority for the proposition that the jury's attention must be specifically directed to these components of adequacy. Instructions are to be considered as a whole and construed in light of what the ordinary person would understand them to mean. Dreckman v. Flores, 331 F.2d 221 (7th Cir. 1964); Government Employee Insurance Co. v. Davis, 266 F.2d 760, 765 (5th Cir. 1959).

■ The term adequate is a term of common meaning within the understanding of the jury such that they need not be informed of those basic elements underlying an assessment of the adequacy of a warning. If there was any evidence as to the inadequacy of either "the methodology of rendering" or the contents of a warning, a jury, knowing of its duty to analyze the warning would naturally consider both elements. It is untenable to assert that a jury might find a warning to be adequate based upon the content *alone* where there was evidence as to the method of rendering the warning.

## III.

Plaintiffs further assert that the Court erred in failing to instruct that defendant has the burden of proof regarding the affirmative defense of product misuse.

■ The Court instructed the jury that Ford claimed plaintiffs had misused the automobile by remaining in the car when it was overloaded. The Court's characterization of this affirmative defense as contributory negligence rather than misuse is of no significance since the label attached to the factual claim could hardly affect the jury's determination.

■ Furthermore, the Court correctly instructed that plaintiffs had the burden of proving "normal use." Khoder v. AMF, Inc., 539

F.2d 1078, 1079 (5th Cir. 1976). See also Huddell v. Levin, 537 F.2d 726, 734 (3rd Cir. 1976). To have given that instruction coupled with an instruction labelling Ford's affirmative defense "misuse" could only have confused the jury as to who had the burden of proving that the product was being properly used.

## IV.

■ Plaintiffs also contend that the Court erred in refusing to instruct regarding intervening cause and that defendants would have the burden of proving the driver's negligence was an intervening cause if Ford was to be exonerated.

No request for this instruction was made, nor was there any objection to the failure to give a requested instruction regarding intervening cause. Thus, in accordance with F. R. Civ. P. 51 plaintiff cannot now complain of any such omission.

## V.

■ Plaintiffs further maintain that certain of the jury's findings were against the great weight of the evidence. The jury's findings as to the adequacy of any warnings given by Ford or the lack of need to warn, as to misuse of the vehicle and as to assumption of the risk, were based upon sufficient and substantial evidence. Therefore, a new trial is not warranted on that basis.

## VI.

Finally, plaintiffs assert that they are entitled to a new trial because the Court improperly admitted a medical case summary.

■ After careful consideration of this assertion, the Court has determined that portions of that medical case summary dealing with the speed of the vehicle in which plaintiffs were travelling should not have been admitted into evidence. There is no recognized exception to the hearsay rule which would justify the admission of that portion of the medical case summary in the absence of some evidence as to the identity of the declarant.

It is questionable, however, whether the objection to the admission of that evidence was properly preserved. There can be no doubt that plaintiff's counsel strenuously objected to the admission of that evidence. However, the basis of plaintiff's objection seems to have been that the physician, whose testimony provided the occasion for the admission of the case summary, never stated that he relied on the portion of the report dealing with speed. While the physician did testify that he relied upon the report he never testified that he relied

359

on that portion of the report. However, if plaintiff's counsel wished to determine whether the physician had so relied he should have asked for voir dire of the witness.

Furthermore, the reliance of the testifying physician upon that portion of the medical case summary would not have served to qualify the offending portion under any exception to the hearsay rule. Likewise his nonreliance on that portion of the case summary would not have rendered the evidence inadmissable. Since plaintiff's counsel predicated his objection upon the lack of evidence as to reliance by the physician it is extremely questionable whether he preserved a proper objection.

However, this Court need not determine whether the objection was properly preserved since the evidence as to the speed of the vehicle was merely cumulative and, therefore, not sufficiently prejudicial to plaintiff's case so as to warrant a new trial. Officer Magnus Lovgren properly testified that an eyewitness told him the vehicle was going between sixty (60) to seventy (70) miles per hour. Officer Carlos Rodriguez properly testified that a witness stated ". . . they passed me going like a bat out of hell . . ." There was other testimony that the car was "flying through the air."

 In light of this other evidence regarding the high speed of the vehicle, this Court can only conclude that the admission of the portion of the medical case summary was, if erroneous, harmless error. Therefore, in accordance with F. R. Civ. P. 61, a new trial is not warranted on that basis alone.

In accordance with the foregoing, the motion for a new trial will be denied.

## ORDER

This matter is before the Court upon the motion of plaintiffs for a new trial. For the reasons set forth in the Court's opinion, it is hereby

ORDERED

That the motion is DENIED.