## DEFFEBACH v. LANSBURGH & BRO.

### No. 8926.

United States Court of Appeals
District of Columbia.

Argued May 7, 1945.

Decided June 29, 1945.

Francis J. Kelly, of Washington, D. C., with whom Mr. Cornelius H. Doherty, of Washington, D. C., was on the brief, for appellant.

Austin F. Canfield, of Washington, D. C., with whom Mr. William T. Hannan, of Washington, D. C., was on the brief, for appellee.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

This appeal is from a directed verdict for the defendant in a suit for breach of warranty. Appellant bought a chenille lounging robe in appellee's store. She examined it for texture, color, style and design. About the third or fourth time she wore it she was badly burned. The undisputed testimony was that she waved or "fanned" a match after lighting a cigarette, that the robe caught fire, and that the flame spread with great rapidity, "quicker than you snap your fingers almost," in spite of immediate and vigorous efforts of several persons to put it out. A textile expert, who had experimented with a sample of the same material, testified that it had "a very low resistance to flaming, and that only a fraction of a second was required for ignition purposes. That portion of a second being immeasurable, and from that ignition point, the flame flashed across the surface of the fabric spreading the flame rapidly and consuming the sample entirely * * *. The backing fabric [was] loosely constructed and with the cut pile yarns surfacing the fabric * * *."

The District of Columbia Code provides that "Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment * *, there is an implied warranty that the goods shall be reasonably fit for such purpose. * * * If the buyer has examined the goods, there is no implied warranty as regards defects which such examination ought to have revealed." 50 Stat. 33, D. C.Code, 1940, § 28—1115.

The robe was bought, as appellee concedes, for use as a lounging robe. This purpose was obvious and therefore known to the seller. Since the buyer was not expert in textiles, we cannot agree with the view that her examination of the robe ought to have revealed the fact that it would burn up in an instant if it came in contact with flame. We think she clearly relied on the seller's judgment that it was fit for use. In fact, appellee now concedes that the only question in the case was whether or not the robe *was* reasonably fit for use as a robe. Since outer garments intended for domestic wear are not unlikely to come into momentary contact with lighted matches, tobacco, or

stoves, it seems to us clear that a robe which, when this contact occurs, instantly bursts into flame and inflicts severe injury is unreasonably dangerous and unfit for use. Accordingly we think the jury should have been instructed that if the robe caught fire and burned as the witnesses testified, there was a breach of appellee's implied warranty of fitness.

Reversed.