**PICKENS–KANE MOVING & STORAGE COMPANY, INC., Plaintiff-Appellant,**

v.

**AERO MAYFLOWER TRANSIT COMPANY, INC., Defendant-Appellee.**

**No. 71–1432.**

United States Court of Appeals, Seventh Circuit.

Argued March 3, 1972.

Decided Oct. 20, 1972.

David P. List, Edward T. Joyce, Paul P. Carrier, Chicago, Ill., for plaintiff-appellant.

James L. Beattey, Indianapolis, Ind., Max E. Wildman, David L. Schiavone, Chicago, Ill., for defendant-appellee.

Before SWYGERT and SPRECHER, Circuit Judges, and DILLIN, District Judge.[*]

DILLIN, District Judge.

This is a diversity action brought by Pickens-Kane Moving & Storage Company, Inc., an Illinois corporation, against Aero Mayflower Transit Company, Inc., an Indiana corporation. The plaintiff seeks damages for breach of an oral agreement, fraud, and interference with advantageous business relationships. The action below was tried before a jury which returned a verdict for the defendant.

In its appeal, Pickens-Kane raises questions as to the soundness of four of the district court's instructions to the jury and as to rulings on the admissibility of documentary evidence.

The facts material to this appeal are not in dispute. In the early spring of 1966, Mayflower initiated negotiations with Pickens-Kane, which was at the time an agent for Allied Van Lines, Inc. On May 27, 1966, following several weeks of preliminary discussions, the parties signed two written agency contracts. These identical agreements, one for the City of Chicago and the other for Skokie, Illinois, were Mayflower's standard nonexclusive agency contracts.

The testimony of witnesses was in sharp conflict as to the substance of the preliminary discussions. Pickens-Kane witnesses testified that Mayflower representatives made oral promises which were not included in the written contract. Specifically, Pickens-Kane was told it would receive all "bass" orders (work performed in the local area that

---

[*] District Judge S. Hugh Dillin of the Southern District of Indiana is sitting by designation.

originated outside the area) from the Michigan Avenue sales office, that it would eventually take over this office, that other Chicago agents would be terminated, that it would receive publicity from Mayflower's advertising agency, and that Pickens-Kane would receive $320,000 yearly in packing revenue. Michael Munroe, president of Pickens-Kane, testified that he was told that these promises could not be in written form because of agreements Mayflower had with its other agents. Mayflower witnesses denied making any promises not embodied in the May 27 writing. When Mayflower failed to perform in accordance with the alleged oral representations, Pickens-Kane terminated the agency relationship.

As the first basis for its appeal, Pickens-Kane argues that two of the court's instructions had the effect of preventing the jury from considering evidence of Mayflower's specific oral commitments.

The challenged instructions read as follows:

*Defendant's Instruction C*

"If you should find that the written Agency Contract, dated May 27, 1966, entered into by the plaintiff and defendant is complete and discloses no intention that extrinsic matters are to be a part of this written contract, terms not included in the written contract may not be considered by you. If the language contained in the written contract is clear and unequivocal, no evidence to show any other meaning or intention may be considered by you."

*Defendant's Instruction D*

"It is the law that all ·prior negotiations and conversations leading up to the execution of a written contract are merged into the written Contract and in the absence of fraud in the inducement of the Contract such oral representations will not be considered as altering, enlarging, contradicting, or modifying the written Contract."

There is no issue between the parties as to the following recital of Illinois law. Evidence of contemporaneous oral agreements is not admissible to vary unambiguous terms expressed in a written contract. Fuchs & Lang Mfg. Co. v. R. J. Kittredge & Co., 1909, 242 Ill. 88, 89 N.E. 723; Spitz v. Brickhouse, 1954, 3 Ill.App.2d 536, 123 N.E.2d 117.

■ There is a qualification to this rule, however: "The [parol evidence] rule is a familiar one, but it is subject to the qualification that a separate parol agreement as to any matter not inconsistent with the terms or legal effect of the written agreement, and on which it is silent, may be shown, where it appears that the written instrument was not intended to be a complete and final statement of the whole transaction between the parties. (Authorities omitted.) Whether the letter in question was intended by the parties as a complete and final statement of the whole agreement between them was a question to be determined by the court from the circumstances of the case." Fuchs & Lang Mfg. Co. v. R. J. Kittredge & Co., *supra*, 725.

■ It is evident that the key question of the parties' intent to make a written· instrument their complete and final agreement requires consideration of all the circumstances of the case; not consideration of just the written agreement itself. New York Central Development Corp. v. Byczynski, 1968, 95 Ill. App.2d 474, 238 N.E.2d 414; Reports Corporation · v. Technical Publishing Company, 7 Cir., 1969, 411 F.2d 168.

■ Considered alone the challenged instructions clearly present an incomplete picture of Illinois law. They have the effect of directing the jury's attention strictly to the language of the written agreement for evidence of the parties' intent. It is fundamental, however, that the court's instructions must be considered as a whole. Odekirk v. Sears Roebuck & Co., 7 Cir., 1960, 274 F.2d 441.

Earlier in its charge the court gave the following instruction:

*Plaintiff's Instruction 16*

"If the jury believes from the evidence that the entire agreement between the parties consisted of both oral and written promises and that the written agreement was not intended to be a complete statement of the entire agreement between the parties, then the oral agreement may be enforced and damages awarded for a breach thereof, as though they had appeared in the written portion of the agreement."

 This instruction correctly states the applicable law. It qualifies the incomplete statement found in Defendant's Instruction D. It also supplements the language of Defendant's Instruction C. It explains to the jury that it must find that the parties intended the written contract to be complete, before it would be required to disregard terms not included in the writing. They may consider the evidence to determine this intent. Taken as a whole, these three instructions fairly present the Illinois parol evidence rule and the qualification of Fuchs & Lang Mfg. Co. v. R. J. Kittredge & Co., *supra*.

Plaintiff also objects to the following instruction:

*Defendant's Instruction A*

"A complete oral contract can only result where there is a meeting of the minds of the contracting parties; that is, they must agree to the same things at the same time. There must be an offer on one side, which is accepted and agreed to upon the other side."

Plaintiff objects that this instruction leaves the jury with the erroneous impression that a valid oral agreement can only arise where the offer and acceptance are simultaneous. Thus, it argues that the jury was prevented from considering plaintiff's theory that a unilateral oral offer by Mayflower was accepted by Pickens-Kane's performance.

The instruction as given reflects a well known general principle of contract law: A binding contract requires a meeting of the minds of the contracting parties. Calo, Inc. v. AMF Pinspotters, Inc., 1961, 31 Ill.App.2d 2, 176 N.E.2d 1. This rule of law was fully applicable to plaintiff's theory and to the facts adduced at trial, and was thus an appropriate subject for an instruction. If plaintiff wished the jury to consider an additional theory, it was incumbent upon it to tender an instruction.

Pickens-Kane's remaining objections pertain to instructions and rulings on the admissibility of evidence relating solely to the method of determining and computing damages. Since the jury returned a verdict for the defendant, we do not reach these objections. Dengler v. Chicago and North Western Railway System, 7 Cir., 1960, 274 F.2d 638, 641.

Affirmed.