**Lloyd SCHWARTZ, Plaintiff-Appellant,**

v.

**The AMERICAN HONDA MOTOR COMPANY, INC. and Honda Motor Company, Limited, Defendants-Appellees.**

No. 81–2333.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 14, 1982.
Decided June 22, 1983.

Philip M. Frazier, Whaley, McMullin & Pitzer, St. Louis, Mo., for plaintiff-appellant.

G. Keith Phoenix, St. Louis, Mo., for defendants-appellees.

Before ESCHBACH, Circuit Judge, SWYGERT, Senior Circuit Judge, and DUMBAULD, Senior District Judge.*

ESCHBACH, Circuit Judge.

Lloyd Schwartz, plaintiff below in a products liability diversity action, appeals from the district court's denial of his motion for a new trial. For the reasons below, we affirm.

I

Lloyd Schwartz purchased a new Honda Express in 1977. The Honda Express is a small motorized two-wheeled vehicle with a top speed of approximately twenty-eight miles per hour. On December 4, 1977, he was riding the Honda Express on the causeway between Miami and Miami Beach when he lost control. He has no recollection of the accident except a feeling of "going through space." The next thing he recalls is regaining consciousness and finding his foot lodged between the inboard side of the muffler and the spokes of the rear wheel. His foot was severely burned, causing him great pain and requiring extensive medical treatments.

In August 1980, Schwartz filed a complaint against the American Honda Motor Company and Honda Motor Company, Limited, alleging that the Express was defective and unreasonably dangerous.[1] Jurisdiction was based on diversity of citizenship. The court convened a jury trial on June 1, 1981, and the jury of six returned a verdict for the defendants on June 4, 1981. The court denied Schwartz's Motion for a New Trial on July 20, 1981, and Schwartz appeals.

II

The major issues Schwartz raises can be classified into four groups. First, he asserts that the court erred in instructing the jury on the issue of misuse. Second, he claims that the jury was misinstructed on the definition of unreasonably dangerous. Third, he claims that the court erred in allowing the introduction of incompetent, irrelevant and prejudicial evidence. Finally, he makes several miscellaneous challenges to the court's refusal to give jury instructions he proposed.

III

A. *Misuse*

Under Illinois law[2] a plaintiff's conduct can bar relief in a strict product liability case if his actions constitute "misuse." *Anderson v. Hyster Co.,* 74 Ill.2d 364, 369, 24 Ill.Dec. 549, 552, 385 N.E.2d 690, 693 (1979). Misuse is not synonymous with abnormal or negligent use. Under Illinois law, misuse is a use that is not reasonably foreseeable to a reasonably prudent manufacturer. *See Kerns v. Engelke,* 76 Ill.2d 154, 165, 28 Ill.Dec. 500, 505, 390 N.E.2d 859, 864 (1979). Foreseeability includes only what is objectively reasonable to expect, not everything that could conceivably occur, and questions of foreseeability are ordinarily for the jury to resolve. *Winnett v. Winnett,* 57 Ill.2d 7, 12–13, 310 N.E.2d 1, 5 (1974). Nevertheless, there must be some evidence of misuse before the issue is submitted to the jury. *Illinois State Trust Co. v. Walker Mfg. Co.,* 73 Ill.App.3d 585, 591, 29 Ill.Dec. 513, 517, 392 N.E.2d 70, 74 (1979).

Over strong objection by Schwartz, the jury in the instant case was instructed on the issue of misuse. The defendants' theory was not that it would be misuse to become involved in an accident with the Express. *See Buehler v. Whalen,* 70 Ill.2d 51, 61, 15 Ill.Dec. 852, 856–57, 374 N.E.2d 460, 464–65 (1977) (intended and actual use of cars includes possibility of collision). Rather, they assert that there was evidence that Schwartz either put his foot to the ground

---

* The Honorable Edward Dumbauld, Senior District Judge for the Western District of Pennsylvania, sitting by designation.

1. The district court granted the defendants a directed verdict on a second count of the complaint alleging breach of warranty. Schwartz does not appeal this ruling.

2. All parties agree that Illinois law applies.

or put his foot near the muffler immediately before the accident, and that either of these actions would be misuse.

Schwartz has no recollection of what caused the accident. His only expert witness, Gerald Lee Dreifke, offered three possible ways that the accident and resulting foot injury could have occurred. First, the rider may have put his foot on the ground, which would cause his foot to be forced back and inward toward the rear wheel. Second, the rider may have taken his foot off the foot peg and moved it back toward the rear wheel. Third, the rider may have hit something in the road, and the rider and Express may have landed in the right position so that his foot became entangled in the rear wheel next to the muffler. Dr. Dreifke believed that the first two possibilities were far more likely than the third.

The defense produced witnesses that testified that it would be improper for a rider to put his foot to the ground or to put his foot back near the rear wheel and muffler when the Express was in motion. One defense witness, Robert Jameson, an official from American Honda, testified that he had seen riders of motorcycles with their feet in many unusual positions rather than on the foot pegs.

A review of the pertinent case law convinces us that this case presents a very close question. This court in *Walker v. Trico Manufacturing Co.*, 487 F.2d 595 (7th Cir. 1973), *cert. denied*, 415 U.S. 978, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), held that under Illinois law, it was improper to instruct the jury on misuse when the president of the defendant corporation had admitted that he had foreseen the possibility that the operator of a blow-mold machine could accidently activate a particular switch, even though the operator's hand would not come near the switch during normal use. *Id.* at 597–99. On the other hand, we have held that if there is any doubt as to the foreseeability of a particular use, this is a question of fact for the jury. *Kuziw v. Lake Engineering Co.*, 586 F.2d 33, 35–36 (7th Cir.1978). Moreover, most Illinois cases that have found that a particular use was not "misuse" have done so in the context of upholding a jury decision on the issue rather than holding as a matter of law that the issue should not have been submitted to the jury. *See e.g.*, *Kerns v. Engelke*, 76 Ill.2d 154, 28 Ill.Dec. 500, 390 N.E.2d 859 (1979); *Anderson v. Hyster Co.*, 74 Ill.2d 364, 24 Ill.Dec. 549, 385 N.E.2d 690 (1979); *Derrick v. Yoder Co.*, 88 Ill.App.3d 864, 43 Ill.Dec. 897, 410 N.E.2d 1030 (1980); *Nelson v. Hydraulic Press Manufacturing Co.*, 84 Ill.App.3d 41, 39 Ill.Dec. 422, 404 N.E.2d 1013 (1980).

Under Illinois law, misuse is not an affirmative defense; rather, absence of misuse is part of a plaintiff's proof of an unreasonably dangerous condition or of proximate cause. *Illinois State Trust Co. v. Walker Manufacturing Co.*, 73 Ill.App.3d 585, 589, 29 Ill.Dec. 513, 516, 392 N.E.2d 70, 73 (1979). We believe that in this case, the evidence would support a finding of improper use, *i.e.*, the rider put his foot to the ground or near the rear wheel. Because Schwartz presented no definitive proof that this improper use was reasonably foreseeable, we hold that the issue of misuse was properly submitted to the jury.[3]

---

**3.** The thrust of Schwartz's argument on appeal is that the issue of misuse should not have been submitted to the jury. The dissent focuses on the content of the misuse instruction, concluding that it does not correctly state Illinois law. However, Schwartz did not challenge the contents of the instruction either in his brief or at oral argument. When asked at oral argument if the particular misuse instruction given by the district court was faulty, counsel simply restated his position that the giving of any instruction was error.

We agree with Schwartz that the giving of an instruction on misuse would have been prejudicial error in this case if misuse had not been a jury question. We have concluded, however, that the issue in this case was properly one for the jury to decide, and the dissent does not contest this point. Even though the Illinois Supreme Court Committee on Jury Instructions recommends that no instruction be given in this situation, the giving of a jury instruction on misuse would be reversible error only if Schwartz were prejudiced by the giving of an instruction. We do not believe that the giving of a misuse instruction, in and of itself, was prejudicial error in this case, in which the issue of misuse was one for jury consideration. Be-

## B. Instruction Defining Unreasonably Dangerous

■ The trial court chose to give an instruction defining unreasonably dangerous taken from 3 Devitt & Blackmar, Federal Jury Practice and Instructions § 82.03 (3rd. ed. 1977), proposed by the defendants,[4] rather than a modification of Illinois Pattern Jury Instruction No. 400.06, proposed by Schwartz.[5] Schwartz claims that this violated Local Rule 21 governing practice in the Southern District of Illinois, which provides that if the jury in a civil case should be instructed on an issue covered by an Illinois Pattern Jury Instruction, that instruction should be used unless it does not accurately state the law. Even assuming that Schwartz's proposed instruction accurately states the law and should have been chosen under the local rule, giving the defendants' proposed instruction instead would be prejudicial only if that instruction were faulty. We reject Schwartz's contention that the Devitt & Blackmar instruction is argumentative and prejudicially pro-defendant.

## C. Challenges to the Admission of Evidence

Schwartz first challenges the admission of testimony by defense witnesses that they knew of no similar accident involving either other Honda Expresses or comparable models made by other manufacturers. Mr. Jameson testified that over 200,000 Expresses had been sold to consumers in the United States, and as a representative of Honda, he knew of no injuries or claims like the one at issue. Defense witness H. Bolter Kelsey, Jr. testified that if an Express were equipped with rear baskets, an option Honda sells, the rider would not sustain injuries

such as those sustained by Schwartz. Defense witness Earl Widman testified that he was familiar with other small motorcycles that were substantially identical in design to the Honda Express, and that he knew of no one sustaining an injury similar to the one at issue while using those models.

■ Generally speaking, evidence of absence of prior accidents "is properly admitted only if the party-defendant shows, as foundation, that the absence of prior accidents took place with respect to machines substantially identical to the one at issue and used in settings and circumstances sufficiently similar to those surrounding the machine at the time of the accident to allow the jury to connect past experience with the accident sued upon. See McCormick, Evidence, § 200 (2d ed. 1972)." *Walker v. Trico Manufacturing Co.*, 487 F.2d 595, 599 (7th Cir.1973), *cert. denied,* 415 U.S. 978, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). In this case, Mr. Jameson could not testify that all of the Expresses were substantially identical to Schwartz's Express, because he did not know how many of the other Expresses were equipped with rear baskets. He did however testify that he was fairly observant about Honda products and the majority of Expresses he had seen on the road were not so equipped. Mr. Widman testified in detail about the similarities and differences between the Express and the other models of small motorcycles before offering his conclusion that the exhaust and wheel designs of these models were substantially identical to that of the Express. While these foundations may not be ideal, "[t]he sufficiency of foundation evidence varies from case to case and must be determined by an exercise of the trial court's discre-

cause Schwartz at no time on appeal argues that the misuse instruction misstated Illinois law, we do not reach the issue addressed by the dissent.

4. That proposed instruction reads:
   A product is in a defective condition unreasonably dangerous to the user when it has a propensity for causing physical harm beyond that which would be contemplated by the ordinary user or consumer who purchases it, with the ordinary knowledge common to the

foreseeable class of users as to its characteristics. A product is not defective or unreasonably dangerous merely because it is possible to be injured while using it.

5. That proposed instruction reads:
   When I use the expression "unreasonably dangerous" in these instructions, I mean unsafe considering the nature and function of the motorcycle.

tion." *Id.* In this case, we do not believe that the district court abused its discretion in concluding that a sufficient foundation was laid for the admission of this evidence. Had the defense witnesses been able to state that *all* the Expresses lacked rear baskets and that the other models were *exactly* identical in design, the evidence would have carried more weight. However, testimony by a Honda official that *most* of the Expresses he observed did not have rear baskets and testimony by an expert witness that the other models were *substantially* identical in design rendered the evidence of absence of similar accidents sufficiently probative to be admitted into evidence.[6]

Schwartz next asserts that the district court erred in admitting evidence that the Express complied with all federal safety standards when there were no federal standards governing the relevant portions of the Express. On cross-examination, defense counsel was allowed to ask Schwartz whether his Express had a sticker stating that the Express complied with all applicable federal safety standards. Answers to interrogatories introduced by Schwartz and testimony by defense witness Jameson later established that there are no federal regulations covering heat shielding on mufflers.

Under both federal and Illinois case law, compliance with applicable federal standards is relevant, though not conclusive, in a products liability case. *See Dorsey v. Honda Motor Co.,* 655 F.2d 650, 656 (5th Cir.1981), *modified on rehearing,* 670 F.2d 21 (1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 177, 74 L.Ed.2d 145 (1982); *Howard v. McCrory Corp.,* 601 F.2d 133, 138 (4th Cir.1979); *Rucker v. Norfolk & Western Railway,* 77 Ill.2d 434, 439–40, 33 Ill.Dec. 145, 147–48, 396 N.E.2d 534, 536–37 (1979). We agree, however, with Schwartz that compliance with federal standards having nothing to do with an alleged defect may be either completely irrelevant or inadmissible because any probative value is outweighed by the possibility of confusion and preju-

dice. The question we face is whether allowing the exchange during Schwartz's cross-examination would require reversal. Because this exchange was quite brief and because the jury was well advised that no federal standards governed heat shielding for mufflers, we conclude that any error in allowing the question about general compliance with federal standards was harmless in this case.

Schwartz also contends that it was error for the district court to allow the defendants to introduce part of the Express's instruction manual into evidence, to permit Widman to testify on the issue of whether the Express was unreasonably dangerous, and to allow the defendants to cross-examine Schwartz about his feeling of satisfaction with the Express before the accident. In the circumstances of this case, including Schwartz's prior evidentiary maneuvers, we find no merit in these contentions.

### D. *Jury Instructions*

In addition to the challenges he makes to the jury instructions on misuse and the definition of unreasonably dangerous, Schwartz contends that the district court erred in rejecting four of his proposed instructions and in refraining from giving another instruction that the court had earlier agreed to give.

The trial court's jury instruction must be considered as a whole, *Pickens-Kane Moving & Storage Co. v. Aero Mayflower Transit Co.,* 468 F.2d 490, 492 (7th Cir.1972), and "complaints of an omission in the instruction must be evaluated against the framework of the entire charge," *Caillouette v. Baltimore & Ohio Chicago Terminal Railroad,* 705 F.2d 243, 248 (7th Cir. 1983) (citations omitted). Moreover, "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Fed.R.Civ.P. 51.

---

6. Of course, a witness cannot transform inadmissible evidence into admissible evidence simply by describing the items or situations to be compared as "substantially identical." That conclusion must be supported by sufficient evidence, as it is in this case.

■ Proposed instructions 21 and 25 were refused without objection. The district court agreed to give proposed instruction 12, but the transcript of the instructions given indicates that it was actually omitted. Schwartz did not object to its omission before the jury retired. Because Schwartz made no objection to the omission of these three instructions and because we find no substantial prejudice resulting therefrom, Schwartz cannot now assign as error the failure to give these instructions.

Proposed instruction 6, defining proximate cause, was refused over objection.[7] Because the jury was adequately instructed on this issue,[8] we find no merit in Schwartz's contention that he was prejudiced by the refusal of proposed instruction 6.

■ Proposed instruction 10 instructed the jury that "it is not a defense that the condition of the product could not have been discovered by the defendant or that care was used in the manufacture of the product." We agree with the district court that this instruction is more geared toward a claim of defect arising in the manufacture of a product rather than a defect arising from its design. We find no error in the court's declining to give this instruction.

## IV

For the reasons above, the district court's denial of Schwartz's motion for a new trial is AFFIRMED.

SWYGERT, Senior Circuit Judge, dissenting.

Although I find greater merit than does the majority in Schwartz's evidentiary objections, this dissent discusses only the manner in which misuse was presented to the jury.

Like other courts, Illinois courts have struggled to draw a coherent line between negligence and products liability. One area in which this struggle has occurred is defining the types of plaintiffs' conduct which bar recovery. It is clear that a greater degree of culpability than simple contributory negligence is required to bar a plaintiff's recovery in a products liability case. *Williams v. Brown Mfg. Co.*, 45 Ill.2d 418, 425, 261 N.E.2d 305, 309 (Ill.Sup.Ct.1970). One type of recovery-barring behavior is called "misuse," and it has a different meaning than that which a layman would ascribe to it. In fact, the definition of misuse

> is materially different from the common or ordinary understanding of the term. Webster's Third International Dictionary defines "misuse" as follows: "to use incorrectly or carelessly" or "to use for a wrong or improper purpose." The jury may have believed that Herbig operated the roller incorrectly, improperly or even carelessly, but unless the manner of operation was not reasonably foreseeable by the defendants, the alleged misuse is not a bar to recovery.

*Lancaster v. Jeffrey Galion, Inc.*, 77 Ill. App.3d 819, 823, 33 Ill.Dec. 259, 263, 396 N.E.2d 648, 652 (Ill.App.Ct. 2d Dist.1979). "If the use of a product is abnormal, but nonetheless one that may be anticipated, it may be foreseeable. There is a distinction between the intended use and the foreseeable use, and ... where a particular use

---

7. Proposed instruction 6 reads:
   When I use the expression "proximate cause", I mean any cause which, in natural or probable sequence, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

8. The following instructions were given:
   An injury or damage is proximately caused by an act or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage; and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.
   This does not mean that the law recognizes only one proximate cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things or the conduct of two or more persons may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a proximate cause.

should be known to the reasonably prudent manufacturer such use cannot be labelled unforeseeable." *Kerns v. Engelke,* 76 Ill.2d 154, 165, 28 Ill.Dec. 500, 505, 390 N.E.2d 859, 864 (Ill.Sup.Ct.1979) (citations omitted). *See also Kuziw v. Lake Engineering Co.,* 586 F.2d 33, 35 (7th Cir.1978) ("In Illinois, product liability is predicated on injuries caused by products which are unreasonably dangerous when used in a foreseeable manner; the manner of use intended by the manufacturer is irrelevant.").

Misuse can arise in two contexts in a products liability case: was the plaintiff's use reasonably foreseeable and was the plaintiff's misuse the sole proximate cause of the injury. *Sanchez v. Black Bros. Co.,* 98 Ill.App.3d 264, 269, 53 Ill.Dec. 505, 504, 423 N.E.2d 1309, 1313 (Ill.App.Ct. 1st Dist. 1981). Because of this ambiguity and because a special instruction results in undue attention to a plaintiff's conduct, the Illinois Supreme Court Committee on Jury Instructions ("Committee") recommends that no instruction on misuse be given. I.P.I.2d Civil 400.08, at 29–30 (Supp.1977); I.P.I.2d Civil vi–vii (1971). *See Sanchez, supra,* 98 Ill.App.3d at 267–70, 53 Ill.Dec. at 503–05, 423 N.E.2d at 1312–14 (discussion of Committee's reasons for deciding that a misuse instruction should not be given).

Schwartz offered all the relevant Illinois pattern jury instructions and called the district court's attention to the Committee's reasons for excluding an instruction on misuse. He also called the district court's attention to Civil Rule 21 of the United States District Court for the Southern District of Illinois which provides that Illinois pattern jury instructions are to be used whenever available unless they misstate Illinois law. Although the district court did not find that the instructions misstated Illinois law, the district court adopted defendant's instructions which explicitly instructed the jury on misuse.

The instruction given was:

The defendant contends that the plaintiff's injury occurred as a proximate re-

sult of his misuse of the motorcycle. A manufacturer or seller is entitled to expect a normal use of his motorcycle. If plaintiff's injury occurred because of his use of the motorcycle, in a manner for which the motorcycle is not adapted and not reasonably foreseeable to the defendant, then the plaintiff cannot recover. You must determine whether the plaintiff was using the motorcycle at the time of the accident in a manner for which the motorcycle was adapted and which was reasonably foreseeable to the defendant.

Unless the jury was also informed that a "misuse" may be reasonably foreseeable or that a "misuse" may not be the sole proximate cause of an injury, *see Buehler v. Whalen,* 70 Ill.2d 51, 58–61, 15 Ill.Dec. 852, 856–57, 374 N.E.2d 460, 464–65 (Ill.Sup.Ct. 1978), the jury would have understood this instruction to mean that Schwartz's conduct, viewed in the layman's sense as contributory negligence, was a complete bar to his recovery.

Schwartz attempted to cure the error by offering two instructions: [1]

A manufacturer or seller of a two-wheeled motor vehicle, such as the Honda Express, can reasonably anticipate that at some time during the useful life of the product it will be involved in an accident or collision.

It is not a defense to plaintiff's claim that the initial accident or overturn of the vehicle was not caused or contributed to by the claimed design defect of the Honda Express two-wheeled motor vehicle.

While these instructions are not well-drafted and do not fully inform the jury, to plaintiff's disadvantage, that a misuse can be reasonably foreseeable, they are indisputably correct statements of Illinois law. *See Buehler, supra.* *See also Liberty Mutual Ins. Co. v. Williams Machine & Tool Co.,* 62 Ill.2d 77, 85, 338 N.E.2d 857, 861 (Ill.Sup. Ct.1975) ("An instruction was given that the negligence of plaintiff or its employees

---

1. Defendants argue that Schwartz failed to preserve these instructions. Reading the transcript, however, it is clear that Schwartz made repeated objections to the court's decisions

concerning the misuse instructions. Only a very technical reading of the transcript would permit the conclusion that Schwartz had failed to preserve his objections.

would not be a defense, and that instruction, in light of our earlier statements herein, was correct. The jury was further instructed that the 'fact that the Skywitch may have been misused is no defense so long as the misuse was foreseeable.' While this instruction is poorly drafted and did not adequately instruct the jury on the defense of misuse, we find no prejudicial error occurred.").

The jury instructions in Schwartz's trial did not inform the jury of the uncommon and special meaning of misuse. The jury, therefore, would have believed the case was one in simple negligence, in contravention of the Illinois Supreme Court's efforts to distinguish negligence from products liability, and to distinguish the types of plaintiffs' conduct which bar recovery. As such, the jury instructions misstated Illinois products liability law and Schwartz is entitled to a new trial.[2]

---

**2.** The majority argues that Schwartz "at no time on appeal argues that the misuse instruction misstated Illinois law," and, therefore, it does "not reach the issue addressed by the dissent." Maj. op., *supra*, at 382 n. 3. Although I agree that Schwartz's counsel has not argued his position in its best light, I believe the issue should be addressed. First, it is not unusual for this court to consider and decide issues raised inartfully or not at all by the parties. *See, e.g., Liberles v. County of Cook,* 709 F.2d 1122, 1136 (7th Cir.1983). This is especially true where, as here, an important error of law taints the jury's verdict in appellant's trial. Second, Schwartz's objection concerning the curing instructions he offered raises the question whether the misuse instruction misstated Illinois law. The misuse instruction given was more negligence-oriented, and, therefore, more defendant-oriented than Illinois law permits. This is the gist of Schwartz's admittedly inartful plea.