Charles E. McKinney, Plaintiff-Appellant, v. Illinois Power Company, an Illinois Corporation, Defendant-Appellee.

Gen. No. 10,288.

Third District.

May 18, 1960.

194

Baird, Latendresse, and Jones, and Charles P. Lippert, of Decatur (Charles P. Lippert and Lloyd F. Latendresse, of counsel) for appellant.

LeForgee, Samuels, Miller, Schroeder, and Jackson, of Decatur (Thomas W. Samuels and Jerald E. Jackson, of counsel) for appellee.

CARROLL, JUSTICE.

This is an action for personal injuries sustained by plaintiff when a metal grain conveyor which he and other workmen were operating came in contact with a high voltage electric transmission line owned and maintained by defendant.

At the time of his injury, plaintiff was employed by the Farmers Grain Company, Palmer, Illinois. He was working on a grain storage bin site maintained by the Commodity Credit Corporation and which was located in a field on the west side of paved Route 48.

The facts as to the physical situation existing at the bin site when the accident occurred are not seriously disputed and from the testimony, photographs and plats in evidence it appears that there were two rows of bins adjacent to and parallel with Route 48; that the two rows were approximately 40 feet apart; that between the 21st and 22nd bin there was a much larger open space; that the bins varied in height from 22 to 28 feet and were filled through an opening at the top; that a metal conveyor was used to elevate the grain to this opening; that the conveyor was of the auger type with a boom approximately 45 feet long; that it was mounted on wheels and when in use was moved manually on the bin site; that defendant maintained an electric transmission line on its right of way inside the fence separating the highway from the bin site which ran parallel to said highway northerly from

the bin site entrance which was at its southern end; that defendant's wires extended over the bin site entrance; that the line consisted of two wires; that the bottom wire was 18 feet 8 inches from the ground and 5 feet 2 inches from the 21st bin; that the top wire was 2 feet 11 inches higher than the bottom wire and 7 feet 4 inches diagonally from the 21st bin; that on the highway right of way opposite the open space, north of the 21st bin, there were 3 trees, the branches of which overhung defendant's easement line and where this occurred defendant's wires went through these branches; that there were no tree branches at the point where the conveyor contacted defendant's wire; that when the accident occurred the weather was clear and bright; that the defendant's line was constructed and put into use in November of 1945 and was being used when the bins were erected in 1949.

The complaint alleged plaintiff to be in the exercise of due care and charged the defendant with negligence in allowing its wires to remain dangerously close to the 21st bin; in allowing its wires to be obscured from view, in failing to insulate its wires and to give warning of their presence to persons in or about the bin site. The jury returned a verdict for defendant. The court denied plaintiff's post-trial motion and entered judgment for defendant and plaintiff has appealed.

■ The first point presented by defendant's brief is that plaintiff has failed to properly abstract the record and therefore there is no issue before this court. The deficiencies cited are failure of the abstract to show the judgment appealed from and the date of service and filing of the notice of appeal and praecipe. Subsequent to the filing of defendant's brief, plaintiff filed a motion in this court asking leave to file a

197

supplemental abstract of record to supply the above alleged deficiencies. Objections were filed to such motion and it has been taken with the case. The original abstract (page 93) shows the following:

> "Verdict ordered recorded. Judgment entered thereon."

The abstract shows filing of the notice of appeal with proof of service, and filing of the praecipe for the record but fails to give the date of such filings. Plaintiff, by filing an additional abstract of record, seeks to show the expanded judgment order and to supply the omitted filing dates of the notice of appeal and praecipe for record. Defendant's objection to plaintiff's motion is that the granting thereof would be prejudicial to defendant in that it would permit the injection of new matter into the case and raise grounds which defendant could not now argue since the time for filing its brief and argument has expired. We do not think such an argument applies to the instant situation. The original abstract of record notes the entry of a final judgment and appropriately refers to the page of the record where the same can be found. It is true that the date of the filing of the notice of appeal and praecipe should have been included in the abstract of record, but since it is not contended that such filing was not within the time fixed therefor we do not regard such deficiencies as being sufficient to raise any serious question as to the jurisdiction of this court to entertain plaintiff's appeal. Accordingly, plaintiff's motion for leave to file an additional abstract of record will be allowed.

██ The grounds upon which plaintiff relies for reversal are that the trial court erred in refusing to give plaintiff's Instruction 7, in giving defendant's Instruction 12 and in excluding certain evidence of-

fered by plaintiff. It is not contended that the verdict was against the manifest weight of the evidence.

Plaintiff's Instruction 7 reads as follows:

"A fact may be proved either by circumstantial evidence or direct evidence, or both. Circumstantial evidence is such evidence as tends to prove a fact indirectly and gives rise to a reasonable inference in the minds of the jury of the existence of the fact sought to be proved. Direct evidence is such evidence as tends to prove a fact directly."

Proof of due care was an essential element of plaintiff's case. As indicated by its remarks during the conference on instructions and in passing on the post-trial motion, the trial court refused the above instruction because in his judgment there was no circumstantial evidence in the record to which such an instruction could apply. Determination as to whether such conclusion on the part of the trial court was correct requires an examination of the evidence. The record discloses that plaintiff had lived in and around Palmer, Illinois, most of his life; that for 5 years prior to 1951 when he entered the Marines, he had been employed by Farmers Grain Company and during that period he had on numerous occasions worked on the bin site; that he had frequently driven on Route 48 where it passed the bin site; that he had hauled grain to the site by truck and had many times driven through the entrance over which defendant's wires passed; that he was thoroughly familiar with the grain conveyor and its operation; and that he knew that in taking the conveyor through the entrance it was necessary to lower the same to avoid contact with defendant's wires.

Plaintiff testified that on August 13, 1953, he was working at the bin site; that also present were Glen

Best and Thomas Brown, who were truck drivers engaged in hauling wheat from the Farmers Grain Company elevator to the bin site; that immediately before the accident they had finished filling the 21st bin; that Best, Brown and he took hold of the conveyor and were intending to turn it counterclockwise around to a bin in the 2nd row; that the conveyor was at the top of the 21st bin just before the accident and was at a 45 degree angle with the highway; that they raised and started to move the auger and started moving it; that he had no recollection as to where he had hold of the conveyor; that the last thing he remembered was moving the auger; that it did not extend into any trees at that time; that he did not recall seeing the end of the conveyor or seeing any trees there and that the next thing he remembered was coming to in the hospital.

Plaintiff further testified that the first time he recalled seeing defendant's utility poles was when they were pointed out to him after the accident; that during all the time he worked on the bin site prior to the accident he did not ever recall seeing defendant's wires.

Thomas Brown testified that he came on the site about 5 minutes before the occurrence; that plaintiff and Glen Best were there and preparing to move the auger; that the auger was sitting on the 21st bin which they had finished filling; that he, plaintiff and Best raised the conveyor and started to move it; that he didn't know what happened then; that the last he remembered they were moving the conveyor counterclockwise from the 21st bin around to the 2nd row; that on the day of the accident and for a few days prior thereto, he was hauling wheat to the site and averaged about 10 loads per day; that he had passed through the entrance 60 or 80 times before the acci-

dent; that in so doing he passed under defendant's wires which were in plain view.

Glen Best was killed in the accident and plaintiff and Brown were the only eye witnesses testifying.

Edward Leslie, a lineman employed by defendant, called as a witness by plaintiff, testified that he arrived at the bin site shortly after the accident; that he saw the conveyor at that time; that it was between the two wires and not in the trees; that he turned the current off and pulled the conveyor from the wires; that he could see the wires which were in plain sight; that as he had gone up and down the highway along the bin site many times he could see the wires plainly. This witness indicated on the photograph where the conveyor came in contact with the wire. This point was in the open space between the 21st and 22nd bin.

Leslie K. Boyd, a witness for plaintiff, testified that he went to the bin site after the accident; that he saw the auger boom; that it was 6 or 7 feet from the 21st bin; that the upper part thereof was in the wires and that he had no difficulty seeing the place where the conveyor was in the wires.

James Blunt, another witness for the plaintiff, who was connected with Commodity Credit Corporation, testified that defendant's line was in place when the bin site was constructed; that he passed by the bin site 3 or 4 times a day prior to the accident; that he saw defendant's wires along the fence row many times; and that he couldn't help but notice them.

Leroy McKinney testified that he was at the bin site 5 or 10 minutes after the accident happened; that he saw where the auger was; that it wasn't in the tree; that to the north and left the wires were clearly visible and that when he looked out through the trees the wire was hard to see.

201

Edward Snyder, the defendant's witness, testified there were no trees or branches at the point of contact between the conveyor and wire.

James McWard, manager of Farmers Grain Company testified that he was on the bin site the morning of the accident and talked with plaintiff; that he mentioned to plaintiff the presence of the high lines and said to him "you see those high lines up there?" "Don't get into them," and plaintiff said "okay."

L. A. Deekman, an engineer for defendant testified there were no trees or limbs in the vicinity of the point of contact and that he could see the wires very plainly. This witness further testified that the contact left a burned spot on the wire. This burned spot was also referred to by other witnesses.

 From the foregoing resume of the evidence, it is obvious that there was no dispute as to the fact that the contact of the conveyor with defendant's live wire caused plaintiff's injury. Likewise, it leaves undisputed the fact that such contact occurred at a point in the open space between the 21st and 22nd bins where the wire was in plain sight and where plaintiff's view thereof was not obstructed by trees or other objects. The location of the wires with reference to the trees and bins, their heights from the ground, the position of the conveyor and place where it contacted the wires were all shown either by testimony of witnesses or photographs. Accordingly, it would appear that there was direct evidence before the jury on the issue as to whether the defendant was guilty of the negligence charged in the complaint. However, with reference to evidence as to plaintiff's due care a different situation prevails. Plaintiff, while conceding that there was no direct evidence as to his conduct at the time of and immediately prior to the accident, argues that there was proof of circumstances from

202

which the jury might infer that at such time he was in the exercise of due care. The facts in evidence to which plaintiff points as supporting such an inference are the position of the conveyor before and after plaintiff and his coworkers started to move it; location of the wires and trees with reference to the bins; the type of conveyor and manner in which it was being moved; and the nature of plaintiff's injuries. Plaintiff's argument that these facts prove due care on his part cannot be sustained if it may also be reasonably inferred therefrom that at and just prior to the occurrence he failed to exercise due care for his safety. It is true that there is no evidence in the record as to what the plaintiff did or was doing at the time the conveyor contacted the wire other than that he and his coworkers had taken hold of the conveyor intending to move it to another bin. But such lack of evidence does not permit the jury to infer the existence of the fact of due care from other evidence which is equally consistent with the contrary fact that plaintiff did not exercise due care. The rule with reference to the sufficiency of circumstantial evidence to warrant a reasonable inference of the existence of a particular fact is well established and has been stated in many cases. In Coffin v. Chicago City Ry. Co., 251 Ill. App. 169, the court said:

> "Whatever may be the law elsewhere, it is the rule in this state, established by a large number of decisions, that the existence of a certain fact cannot be reasonably inferred from the evidence when the existence of another fact, inconsistent with the first, can be inferred from the same evidence with equal certainty; a fact cannot be established by circumstantial evidence unless the circumstances are of such a nature and so related

to each other that it is the only conclusion that can be drawn therefrom.

" 'It cannot be said that the existence of a certain fact may reasonably be inferred from the evidence when the existence of another fact inconsistent with the first can be, from the same evidence, inferred with equal certainty. The evidence must point to the existence of some particular fact, rather than to the existence of another fact inconsistent with the first, before it can be said that such evidence alone tends to prove the existence of the first.' Chicago Union Traction Co. v. Hampe, 228 Ill. 346.

"Very pertinent to the instant case is the language of Mr. Justice Dunn in Peterson & Co. v. Industrial Board, 281 Ill. 326, 117 N. E. 1033:

" 'Any of these suppositions is as consistent with the evidence as any other and all are mere conjecture. Liability cannot rest upon imagination, speculation or conjecture, upon a choice between two views equally compatible with the evidence, but must be based upon facts established by evidence fairly tending to prove them' ".

Similar expressions are found in Kelly v. Fox, 318 Ill. App. 481, 48 N.E.2d 592; Tiffin v. Great Atlantic & Pacific Tea Co., 18 Ill.2d 48; Ohio Bldg. Safety Vault Co. v. Industrial Board, 277 Ill. 96, 115 N. E. 149. With the foregoing proposition in mind, we have carefully examined the entire record and are satisfied that the facts and circumstances proved are not such as to reasonably support only the theory that plaintiff exercised due care. Plaintiff's Instruction 7 is an abstract statement of law which the trial court felt did not apply to the evidence in the case. The purpose served by instructions is to advise the jury as to the rules of law applicable to the evidence so they

may understand the relation of such rules to the evidence which they are considering. Refusal of the tendered instruction was not error. Carson, Pirie, Scott & Co. v. Chicago Rys. Co., 309 Ill. 346, 141 N. E. 172; Burns v. Jackson, 224 Ill. App. 519; Moore v. Young, 317 Ill. App. 474, 46 N.E.2d 852.

Plaintiff complains of the giving of defendant's Instruction No. 12, which is as follows:

"If you find from the evidence that there was proof of compliance by the defendant with the rules of the Illinois Commerce Commission, such compliance constitutes evidence which tends to prove due care on the part of the defendant, but it is not conclusive on the question of negligence."

The objection raised is that it singles out and emphasizes a particular aspect of the evidence and would confuse and mislead the jury. Evidence was introduced without objection that defendant's power line was built and maintained in compliance with the rules of the Illinois Commerce Commission. A copy of the rules pertinent to the facts in the instant case was also introduced. This instruction informed the jury that evidence of defendant's compliance with the Commerce Commission rules tended to prove due care on the part of the defendant but was not conclusive of such issue. As indicated by the report of the conference on instructions the trial court felt that if defendant's Instruction 12 was not given, the jury might conclude that evidence of defendant's compliance with the rules of the Commerce Commission covering the installation and maintenance of defendant's lines was conclusive on the question of its negligence. While it is improper for an instruction to single out and give emphasis to certain evidence, nevertheless we think the criticized instruction does not offend against the

above rule since it merely informed the jury that they might consider certain evidence and was so drawn as to work to the advantage and not to disadvantage of plaintiff. The instruction correctly stated the law. Merlo v. Public Service Co. of Northern Illinois, 381 Ill. 300, 45 N.E.2d 665. Under the circumstances, we do not think Instruction No. 12 can be considered erroneous to the extent that the giving thereof warrants reversal.

██ ██ It is the well established rule that the instructions will be considered as a whole and although technical errors may be found to exist therein if the complaining party's rights have not thereby been prejudiced such errors will not be deemed grounds for reversal. Bunton v. Illinois Cent. R. Co. 15 Ill. App. 2nd 311, 146 N.E.2d 205; Duffy v. Cortesi, 2 Ill.2d 511, 119 N.E.2d 241. Where the instructions taken together as a whole substantially present the law of the case fairly to the jury they will be regarded as being sufficient. Ritzman v. The People, 110 Ill. 362.

██ Judged in the light of the foregoing principles we think the instructions in the instant case properly advised the jury as to the law involved.

██ The third and final point made by plaintiff is that the trial court erred in sustaining objections to questions asked of the witnesses Brown and Boyd concerning the effect of trees on the visibility of the wires at the location of the occurrence. The question asked of Boyd was: "And did they obscure the view of those wires?", while Brown was asked: "And what effect, if any, did that have on the visibility of those wires?" If these witnesses had been asked as to whether or not they could see defendant's wires from a particular location, they would have been properly permitted to answer. However, the questions to which the trial court sustained an objection called for the conclusion of the witnesses on the ultimate issue as to whether

or not the view of the wires was obscured. In sustaining defendant's objections the court did not err.

Since upon careful review of the whole record, we find no reversible error, the judgment of the Circuit Court is affirmed.

Affirmed.

REYNOLDS, P. J. and ROETH, J., concur.