MARIA GALLEE, Special Adm'x of the Estate of Carl T. Gallee, Deceased, Plaintiff-Appellant, *v.* SEARS, ROEBUCK & CO. *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 62238

Opinion filed March 15, 1978.

William J. Harte, of Wiedner and McAuliffe, of Chicago, for appellant.

D. Kendall Griffith and Thomas M. Crisham, both of Hinshaw, Culbertson, Moelmann, Hogan & Fuller, of Chicago, for appellees.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court: Carl T. Gallee brought this action in the Circuit Court of Cook County for injuries sustained when he fell from a ladder manufactured by White Metal Rolling and Stamping Corporation and sold by Sears, Roebuck & Co. The fall occurred as Gallee was painting the trim on a house in Oak Park, Illinois. The complaint alleged that the fall was due to a defective condition in the ladder, relying on the theory of strict liability in tort. (*Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182; Restatement (Second) of Torts §402A (1965).) Following trial, the jury returned a verdict in favor of the defendants and against Gallee; judgment was entered on the verdict and Gallee perfected this appeal. Gallee subsequently died and his widow has been substituted as special administratrix of his estate.

The appeal presents a single issue for our consideration, whether the trial court erred in not instructing the jury that misuse of the ladder was an affirmative defense.

The record discloses that the trial judge refused both the plaintiff's and the defendants' tendered instructions with regard to issues raised by the pleadings and burden of proof. In relation to the issue presented here, it was the plaintiff's position that misuse of the ladder must be raised by the defendants as an affirmative defense. The defendants' position was that the use made of the ladder was a matter peculiarly within the plaintiff's knowledge, and that the plaintiff had the burden of establishing that he used it in a normal and intended manner. Both parties agreed that if the injury was due to a misuse of the ladder, such misuse would bar recovery for the injury. *Liberty Mutual Insurance Co. v. Williams Machine & Tool Co.* (1975), 62 Ill. 2d 77, 338 N.E.2d 857; *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305.

The controversy over the instructions was resolved by the giving of Court's Instruction No. 1, regarding the issues raised by the pleadings, and Court's Instruction No. 2, dealing with the burden of proof. These two instructions were modified versions of pattern instructions for use in civil cases generally. Illinois Pattern Jury Instructions, Civil, Nos. 20.01, 20.02 (2d ed. 1971).

Court's Instruction No. 1, the issues instruction, stated that the plaintiff "claims that he was using the ladder in a manner usual and customary and in a manner which was reasonably foreseeable by the defendants." The complaint alleged in paragraphs 4 and 5:

"4. That at the time and place aforesaid, the plaintiff was using the said ladder in a manner usual and customary for painting the exterior of the home.

5. That at the time and place stated, the plaintiff was using the said ladder in a manner intended by the defendants, and each of them."

Due to an allegation of insufficient knowledge, the answer to the complaint made no specific denial of the allegations of paragraphs 4 and 5; however, the answer demanded strict proof of these allegations. Furthermore, there was no allegation of misuse in the defendants' answer, but the answer denied there was a defective condition in the ladder and that a defective condition was a proximate cause of the plaintiff's injury.

When viewed in the context of the complaint and answer, the issues instruction did nothing more than inform the jury of the allegations of fact raised by the pleadings. The instruction was neutral in informing the triers of fact of the nature of the plaintiff's claim and the defendants' response thereto; it did so without characterization or undue emphasis. *Signa v. Alluri* (1953), 351 Ill. App. 11, 113 N.E.2d 475.

Court's Instruction No. 2 placed upon the plaintiff the burden of proving "that plaintiff was using the ladder in a manner normal and customary and which was reasonably foreseeable by the defendants * * *."

■■ As pronounced by the supreme court in *Suvada v. White Motor Co.*, Illinois law recognizes a cause of action for strict liability in tort which coincides with the position taken by section 402A of the American Law Institute's Restatement (Second) of the Law of Torts. To recover under this theory, the plaintiff must prove that an unreasonably dangerous (defective) condition existed in a product, that the unreasonably dangerous condition existed at the time the product left the control of the manufacturer, and that the unreasonably dangerous condition was a proximate cause of injury or damage to the plaintiff. 32 Ill. 2d 612, 621.

■■ In conformity with *Suvada*, the plaintiff's case entails proof of an unreasonably dangerous condition in the product. Under section 402A an unreasonably dangerous condition is one which is unsafe with respect to a use intended or reasonably foreseeable by the manufacturer. (*Winnett v. Winnett* (1974), 57 Ill. 2d 7, 310 N.E.2d 1; *Dunham v. Vaughan & Bushnell Mfg. Co.* (1969), 42 Ill. 2d 339, 247 N.E.2d 401.) The misuse of a product which will constitute a bar to an action predicated upon strict liability in tort has been objectively defined as a use for a purpose neither intended nor reasonably foreseeable by the manufacturer. (*Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 425.) The issue of misuse, therefore, arises "in connection with plaintiff's proof of an unreasonably dangerous condition or in proximate causation or both." *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 431.

Applying these standards to the case at bar, the plaintiff had the burden of establishing an unreasonably dangerous condition in the ladder. This burden required a showing that the ladder was unsafe with respect to an intended or reasonably foreseeable use. Recovery depended upon the further showing that the plaintiff's injury was proximately caused by a use of the ladder in a manner which was intended or reasonably foreseeable by the defendants.

■■ For the foregoing reasons we hold that misuse of a product is not an affirmative defense to a cause of action under the theory of strict liability in tort. Accordingly, the circuit court did not err in refusing to instruct the jury that the defendants had the burden of raising and going forward on the issue of the plaintiff's misuse of the ladder. The judgment entered upon the verdict of the jury is, therefore, affirmed.

Judgment affirmed.

JIGANTI, P. J., and SIMON, J., concur.